IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50707
Summary Calendar

_____

RICHARD DEARMON CROW,

Plaintiff-Appellant,

versus

COMAL COUNTY, TEXAS; JOHN MATTHEWS, In his Individual and Official
Capacity as a Reserve Deputy in the Comal County Sheriff's
Department; BOB HOLDER, In his Individual and Official
Capacity as Sheriff in Comal County,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-784
--------------------
May 2, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Richard Dearmon Crow appeals the summary judgment and
dismissal of his 42 U.S.C. § 1983 civil rights action. Crow argues
that Comal County, Texas has ratified a policy of unreasonable
arrests, that his constitutional rights were violated when he was
falsely arrested, and that excessive force was used in connection
with his arrest.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Crow's claims against Comal County are rejected because Crow failed to provide evidence that Comal County has a practice, custom, or policy of allowing untrained officers to make arrests, nor did Crow provide evidence that he was arrested by an untrained officer. See Bennett v. City of Slidell, 728 F.2d 762, 767-768 (5th Cir. 1984). Crow's claim for false arrest and his attack on qualified immunity is rejected. Crow was convicted for the violation for which he was arrested, and his claim for damages resulting from the claimed false arrest does not mature until the conviction has been set aside. See Wells v. Bonner, 45 F.3d 90, 93-95 (5th Cir. 1995). Crow's claim that excessive force was used in his arrest is also rejected because Crow's injuries were de minimis and the arresting officer used no more than customary force. See Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001).

Therefore, the judgment of the magistrate judge dismissing Crow's civil rights complaint is

AFFIRMED.